# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**HAROLD J. PARKER**

v.                                                                                                  C.A. No. 09-510 ML

**JAMES WEEDEN, ET AL.**

## REPORT AND RECCOMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Harold J. Parker ("Plaintiff"), *pro se*, an inmate at the Adult Correction Institutions ("ACI") in Cranston, Rhode Island, filed a second amended complaint pursuant to 42 U.S.C. § 1983 ("§ 1983") (the "Second Amended Complaint") (Docket # 14). Plaintiff named numerous ACI correctional officers, employees, and officials as defendants; however, he subsequently filed, and the Court granted, motions seeking voluntary dismissal of all defendants other than prison investigator Steve Cabral.

As the Court previously granted Plaintiff leave to proceed *in forma pauperis* and the Complaint was filed by a prisoner against a government officer, I have screened the Second Amended Complaint pursuant 28 U.S.C. § 1915(e)(2)("§ 1915(e)(2)") and 28 U.S.C. § 1915A ("§ 1915A"), respectively. Having found that the claims against the lone remaining defendant in this action, Investigator Cabral, fail to state claims upon which relief may be granted, I recommend such claims, and thus the action in its entirety, be dismissed.

## PROCEDURAL BACKGROUND

Plaintiff filed an initial complaint on October 22, 2009 (Docket # 1). Subsequently, on November 16, 2009, Plaintiff filed an amended complaint (Docket # 7). The amended complaint was permitted pursuant to Federal Rule of Civil Procedure 15(a) ("Rule 15(a)"), which affords a party the right to amend a complaint once as a matter of course prior to a responsive pleading being served. Fed.R.Civ.P. 15(a). Thereafter, on January 15, 2010, Plaintiff filed the Second Amended Complaint. Although Rule 15(a) requires a party to obtain leave of court or written consent of the adverse parties in order to file a second amended complaint, *id.*, Plaintiff did not obtain either prior to filing the Second Amended Complaint. However, it appears that Chief Judge Lisi granted leave of court with respect to the Second Amended Complaint, as she ordered the undersigned to review the Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)

1

& 1915A (Docket # 18). Therefore, as an amended complaint ordinarily supersedes and replaces a prior complaint in its entirety, absent an incorporation by reference, *Kolling v. American Power Conversion Corp.*, 347 F.3d 11, 16 (1st Cir. 2003), and the Second Amended Complaint here does not incorporate the prior amended complaint, the Second Amended Complaint is the controlling complaint subject to review in this action.

## FACTUAL BACKGROUND

Plaintiff is housed at the High Security Center (the "HSC") at the ACI. The Second Amended Complaint alleges that various defendants, including Investigator Cabral, have been practicing racial discrimination by targeting minorities, including black prisoners like Plaintiff, for placement in the HSC. Additionally, the Second Amended Complaint alleges that Plaintiff was placed in the HSC because he associated with other black prisoners, and thus was accused of being a gang member, even though he was never charged with gang activity in violation of prison policy.

Further, the Second Amended Complaint alleges that three unspecified defendants falsely charged Plaintiff and a white inmate with vandalizing prison property; identified Plaintiff as the perpetrator based on his skin color; and triple charged Plaintiff while only single-charging the white inmate.

The Second Amended Complaint claims that, as a result of such actions, defendant Cabral, violated Plaintiff's rights to equal protection under the Fourteenth Amendment.

## DISCUSSION

### I. Screening Under § 1915(e)(2) and § 1915A

In connection with proceedings *in forma pauperis* and complaints filed by prisoners against governmental entities, officers or employees, § 1915(e)(2) § 1915A, respectively, instruct the Court to dismiss a case at any time if the Court determines that the action, *inter alia*, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2) & § 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on a Rule 12(b)(6) motion. In making this determination, the Court must accept plaintiff's factual allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal,* -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v.*

*Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). A claim fails to state a claim for which relief may be granted if the factual allegations fail to "raise [plaintiff's] right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); *see also Iqbal*, 129 S.Ct. at 1949-1951 (requiring claims be plausible, not just possible); Fed.R.Civ.P. 8(a)(2).

## II. Legal Standard Under § 1983

In order to maintain a § 1983 action, the conduct complained of must have (i) been committed by a person acting under color of state law and (ii) deprived the plaintiff of a constitutional right or a federal statutory right. *See Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). Here, it is clear that defendant Cabral was acting under state law; however, the claims in the Second Amended Complaint do not allege that he deprived Plaintiff of a constitutional or federal statutory right.

## III. Fourteenth Amendment Equal Protection Claims: Insufficient Facts

The only claims the Second Amended Complaint sets forth against defendant Cabral are that he violated Plaintiff's rights to equal protection because (1) minority prisoners are targeted for placement in the HSC and (2) Plaintiff was assigned to the HSC for associating with other black prisoners who were accused, because they were black, of being gang members (even though Plaintiff was not accused of gang activity). However, the Second Amended Complaint does not state what role, if any, investigator Cabral played in assigning Plaintiff to the HSC or otherwise provide any factual allegations about investigator Cabral.

Similarly, the Second Amended Complaint does not identify which of the defendants allegedly acted in a discriminatory fashion in charging Plaintiff with vandalism, and, thus, the allegations are insufficient to state a claim against defendant Cabral.[1]

## CONCLUSION

Accordingly, as set forth above, the Second Amended Complaint provides insufficient facts to indicate that defendant Cabral engaged in any actions that violated Plaintiff's constitutional rights, and thus fails to state a claim on which relief may be granted against defendant Cabral. I therefore recommend that the claims against defendant Cabral, and thus the action in its entirety, be DISMISSED.

---

[1] Additionally, it appears that Plaintiff asserted claims regarding the alleged same false vandalism charge against him in another action filed in this Court, C.A. 10-040 ML. The Court previously dismissed such claims.

3

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed.R.Civ.P. 72(b). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam).

/s/ Jacob Hagopian
Jacob Hagopian
Senior United States Magistrate Judge
January 6, 2011